All right. This is 117267 people of the state of Illinois versus Johnny Taylor. You ready to proceed to Mr. Fisher? Mr. Rogers, proceed. Thank you, Your Honor. Good morning. I do apologize. I misunderstood the court's order. May it please the court, counsel. Having read the briefs, I know that this court knows that the issues have been considerably narrowed since the petition for legal appeal was granted. Assuming, of course, that this court accepts the concessions that parties have made. Did you introduce yourself, counsel? I'm sorry. My name is Paul Alexander Rogers, and I'm an assistant defender with the Office of the State Appellate Defender. I represent the defendant appellate, Johnny Taylor. The concessions that I'm referring to are the state's concession that the 15-year firearm enhancement cannot be applied in this case. On the other hand, I made the concession on my reply brief that the appropriate relief would not be to allow Mr. Taylor to withdraw his guilty plea. So, the issue has been boiled down to the question of relief, and the question of relief has been boiled down even farther, so that the case now, assuming that this court accepts those concessions, to a choice between vacating the 15-year add-on portion of the sentence and leaving the remaining 9-year portion, an enhanced portion, or remanding the cause for a new sentencing hearing subject to the sentencing cap. And even then, you have the further choice of whether you remand allowing any sentence up to the cap, or, as I have argued, that the sentence has to be limited to the existing sentence of 24 years, subject to the statute that I cited, unless the increase can be justified by the conduct that occurred since the original sentencing hearing. There are several reasons why this court should vacate the enhancement. So, you're either at 9 or 6 to 24? Is that... Yes. You're either going to take off the enhancement, although we don't know what the trial judge would have done, right? Well, actually, I'm sorry, I didn't mean to interrupt you. If we really don't know what the trial judge would have assessed if there were no enhancements, and that goes to your first pleasure of that being to remand for a 9-year sentence, but you're asking for 6 to 24 instead of 6 to 30 because you think it should be maxed out at 24? Right, under the statute, correct, which implements the logic behind the North Carolina versus Pierce case. But I would respectfully disagree about not knowing what the trial judge would do or would have done had he known that the 15-year enhancement did not apply. It's obviously impossible to know what someone is thinking, but in this case, we do have the benefit of what the trial judge said on the record. And if you look at page 148, I believe it is, volume 14, the sentencing hearing, when he imposed the sentence, the trial judge said, and I'm going to be paraphrasing, but I believe this is a pretty close paraphrase, that he was imposing a 9-year sentence for the offense plus 15 years because of the enhancement. And that was without any prompting from counsel. Later, a few pages later, I think it's page 154 and 155, defense counsel does ask the trial court to clarify that the court was in fact bifurcating the sentence in that fashion. And I use the word bifurcate because that's the term the appellate court used twice in reviewing this case and noting that the trial judge did in fact bifurcate the sentence between the unenhanced portion, he said it was 9 years, and then the enhanced portion, which had to be 15 years. That's how the judge arrived at 24 years. But what that tells us is that the judge, in his mind, thought that the sentence alone, apart from the enhancement, merited a sentence of 9 years. Now, apart from that positive evidence, based on what the judge said on the record, we have the fact that the judge, under the agreement, could have gone to a maximum non-enhanced sentence of 15 years, did not do so. So that implies, it's not conclusive proof, obviously, but that implies that when the judge said that he thought that the crime in and of itself, apart from the enhancement, merited a sentence of 9 years, he meant that. Otherwise, he would have gone to 10, 11, 12, 13, 14, 15. He didn't take those options. So there is some evidence to conclude that this trial judge believed that the proper non-enhanced sentence was 9 years. Now, if the judge hadn't said that, we would be in a different position of trying to read the trial judge's mind, and I think the state would have a stronger case then. But for the reasons that I've stated, I think you can look at the record here and conclude that the proper relief is simply to vacate the 15-year add-on and leave things the way they are. Could I ask a few questions? Certainly. Pretty much off point, but not off point of what you were discussing, but a little bit off center. Okay. This was a post-conviction petition, correct? Yes. What is the constitutional claim that you're raising here? The constitutional claim, this is not a constitutional claim, but it is a claim that the add-on is void and the court had jurisdiction because there had been a post-conviction petition filed that did raise constitutional claims. Frankly, I forget exactly what they were. I think some of them did relate to the sentence. So the constitutional claim is a voidness problem? Right. That the statute under which the enhancement was applied was unenforceable at the time, and therefore that the 15-year add-on portion is unenforceable. And so there has to be some relief either, as I've asked, simply by vacating that 15-year add-on or by sending it back for another sentencing hearing where everybody knows that the 15-year add-on did not apply. The state would have it subject to the 30-year cap. My argument is that it would be subject to the 24-year cap, again qualified by understanding that if there's some conduct intervening that would justify a higher sentence than the 24-year cap would not apply, but the 30-year cap still would. Mr. Rogers? Yes. If we do simply just vacate the 15-year enhancement, how would the state receive the benefit of the bargain? It dismissed three of the four counts and it agreed to a 30-year cap when the defendant really was subject to 75 years, up to 75. That's correct. But the state gets its conviction for armed robbery, which it would not have if the defendant had not agreed to accept the 30-year cap. So what the state bargained for is a sentence up to and including 30 years in exchange for a plea of guilty to a Class X felony. The state made other concessions, paid more in a sense to get to that bargain, but it did get something, namely a Class X conviction, which I don't think was a foregone conclusion if the case had gone to trial. Nobody can know that, what would have happened if the case had gone to trial. So the state gets a conviction, and it also gets a sentence that is within the range of the cap that it bargained for. The state knew that the sentence here, from the state's standpoint, it was bargaining for a sentence of anywhere from 21 to 30 years because it assumed that the 15-year add-on applied. But it knew that the unenhanced portion of that sentence could be anywhere from 6 to 15 years, otherwise there would have been no way to make the cap work if you assumed the add-on applied. So the state was getting what it bargained for, really, is that it got an unenhanced sentence between 6 and 15 years, and it got the add-on, and it got the conviction. In light of subsequent case law, we know that the 15-year add-on cannot be applied, was unenforceable, and should be vacated. Back to knowing what the judge would have done if we were in the 6 to 30 range, with no enhancement. How else could he possibly put it? You put a lot of stock into the fact that he said, I'm giving nine years and then plus the 15-year add-on. I mean, he knows it's going to be a 24-year sentence. He knows he's starting with a 15-year add-on. So I'm just trying to understand your argument that we know what he would have done if we were just in a 6 to 30 range without an add-on, because he said, I'm giving nine plus the 15. I mean, what other way could he put it? He could have said nothing. He could have just said, I'm going to give a sentence of 24 years. Now, he chose to elaborate on how he allocated that. And I don't mean this in any disrespectful way, but I think that once the judge expressed and explained how he allocated the sentence, that's the record, that's a revelation of his thought process. And to put it bluntly, and again, I don't really mean to be disrespectful, but the judge is stuck with that. He's stuck with his own reasoning. He's stuck with the fact that on the record he said, apart from the 15-year enhancement, I believe that this defendant deserves nine years for the crime itself. Had the judge just said, I'm going to impose a sentence of 24 years, could the state then say, well, you have to add the 15-year enhancement? No, because that would take it beyond what would have been statutorily authorized. I mean, because the cap was for 30 years. In that case, you would have to, I think, then allow the plea to be withdrawn. If the state's position was that you could go past 30 years, that's not what the defense bargained for. Isn't it incumbent then upon the judge to recognize at least that the sentence includes the 15-year enhancement, that that's not being overlooked? It is incumbent upon the judge to impose a sentence. The judge took the position and agreed with the state that the 15-year enhancement applied. It was incumbent upon the judge, therefore, to impose a sentence that was within the range of 21 to 30, which 21 would be the minimum with the enhancement. So while I would agree that it was incumbent on the judge to take the 15-year add-on into account, again, everybody operating on it, not everybody in the defense disagreed, but the trial judge being of the opinion that the add-on applied and that it was not discretionary, he had to impose a sentence that took that into account. But he did not have to put on the record how he was allocating that, and he chose to do so. Now, I'm not going to pretend that if we could go back in time and if Judge Cowell were told that, by the way, the 15-year add-on doesn't really apply, well, first of all, it probably would change the whole dynamic of the plea bargaining process. But putting that aside, the judge may have not expressed himself the way he did. But the fact of the matter is he did express himself that way. Counsel, is there any authority or precedent for dividing a sentence and vacating a portion of the sentence? Well, I would... Or are you just saying because this trial judge put something on the record, he stuck with it? No, I'm not just saying that. I mean, I think that's the factual foundation for doing so, but I think this Court has the authority to do it so under its own rules, 16b-2, I believe it would be. Can you cite anything for me where this has been done? No, I can't. I don't know that there is a case one way or the other out there, but the rule that I cited, 615b-2, allows this Court to modify a judgment, and I would say that this is modifying a judgment, and I think it's a fair result. The State gets the benefit of its bargain. It implements the expressed intent of the trial court's position of sentence, and it certainly doesn't give the defendant a windfall because, again, the nine years is within the range of the non-enhanced portion of the sentence that the judge could have received. So if the judge hadn't said anything and just imposed the 24 years, you wouldn't be in a position to argue what you're arguing, right? I would certainly be in a much weaker position, and I probably would not have – yes, I don't think I could be making that argument. I think I could still rely on the inference of the fact that the judge didn't go as high as 15, which allows you to sort of – that sort of buttresses the point I made about what he said on the record. I don't know that I would go so far to claim that that by itself would really prove what the judge had in mind. Counsel, you've introduced a new idea in your reply briefing. Of course, one might argue that's a bit late to come to the table with a new argument. But you've raised a statute, Section 5-5-4A. Right. That says something about when a conviction or sentence has been set aside on direct or collateral attack, direct or collateral attack, a trial court may not increase a sentence for the same offense unless the increase is based upon conduct on the part of the defendant occurring after the original sentence. Have you seen this statute used in the context of void sentences? I don't recall seeing it in that context. I know that it applied – it was applied in the Strawbridge case that I mentioned in the reply brief. And I would say to the point as to whether this is a new – something I raised in the reply brief and whether it was too late, that's really a function of realizing that the state was correct in that the remedy couldn't be withdrawing the plea. And it occurred to me in asking for it to be remanded with a cap of 30, I felt obligated to point out that the statute is out there. And if you read it, there's certainly nothing in the text of the statute that says it wouldn't apply. The whole sentence is not void. I would make that point. Only the 15-year add-on portion is void. And so this wouldn't be applying the statute to a sentence that – if the whole thing were void, if this were like the Pierre White case, for example, as opposed to the Donaldson case, in which it's impossible to make the sentence come out so that the guilty plea can stand up, the guilty plea agreement can stand up, well, then you'd have no choice but to vacate the entire thing and go back to square one and start with a new – allow them to withdraw this guilty plea. But in this case, you can strike the 15-year add-on, leave the nine-year sentence, which is a perfectly legal sentence, and there's no problem. And the question then becomes, can you – the 24 years would also be within the range of the non-enhanced sentence,  But the point is that you can't punish the defendant for having successfully challenged his sentence through the appellate process and that the state – and, in fact, I would also point out that in the original appellate court proceedings, in their petition for rehearing and in the PLA that they filed, which this court wound up issuing as a surprising order, which is how it got back to the appellate court, the state's position in those two pleadings was actually that the guilty plea should not be withdrawn and that the proper remedy was to simply leave the 24-year sentence intact. So even in its own pleadings, the state has not asked to go above 24 years. In its earlier pleadings, it didn't. I disagree that – I agree in the sense that it shouldn't go beyond 24. I disagree in the fact that – the point that it should go above nine. Does that answer your question? Okay. Thank you. Well, if this court has no further questions, I'm prepared to conclude, and I would just conclude and ask that this court vacate the 15-year add-on portion of the sentence, leave the nine-year unenhanced portion intact, or, in the alternative, remand the case for resentencing hearing with instructions to limit the sentence to the existing 24 years unless there's some conduct since the original sentencing that would justify the increase. Thank you, Counsel. Good morning, Your Honors. Counselor, may it please the Court, Assistant Attorney General Garson Fisher for the people. Your Honors, as has already been discussed, the parties have agreed on many of the issues that were presented by this case. So unless the Court has questions about the applicability of the firearm enhancements or whether a defendant petitioner should be allowed to withdraw his guilty plea, I'll simply address the issues of remedy that the petitioner has addressed in his argument and that remain before this Court. Can I go back to my first question? Yes, Your Honors. What is your position? Are these arguments that are being made here, are those cognizable under the Post-Conviction Act? I believe, Your Honor, that this is not a void sentence, not to revisit the issue of Blair between void and simply unenforceable, but the sentence violates the Proportion Penalties Clause of the Illinois Constitution because at the time that the petitioner committed his crime and was sentenced, armed robbery with a firearm had identical elements to armed violence and imposed a harsher term of year. So I think that would be why this claim can still be raised on post-conviction petition in this setting. And turn also to a question that Justice Thomas asked at the beginning of the petitioner's argument as to whether we can guess what the trial court would have done in the absence of the 15-year firearm enhancement. There's no reason to have to guess what the trial court would have done, and that's why I think this Court, when presented multiple times in Hauschild and Clemens, with the opportunity to apply the remedy that petitioner now seeks, just simply vacating the 15-year firearm enhancement, has never chosen to do so. It has always been mandated for resentencing consistent with the statute as it existed prior to the enactment of the firearm enhancement. And it explained in Hauschild that it was necessary to give the court an opportunity to consider its sentence in light of the proper statute and the defendant's sentence as a whole. And I think the facts of this case illustrate why that is appropriate. Should the limit be 24 years? I don't believe so, Your Honor. As Justice Tice pointed out, neither the statute nor Pierce have been applied to cases where a sentence is unenforceable. That limitation applies to cases where a conviction was improperly obtained or where an enhancement was applied that the state had failed to prove. And I think that limitation is appropriate because application of the statute to cases like this where a sentence is unenforceable creates numerous problems. The most obvious is a situation where a defendant has been convicted but sentenced to a sentence that is lower than the statutory minimum. And just to create a hypothetical where that could happen, in between when the General Assembly amended the Armed Violence Statute to correct the Proportion Penalties Clause problem demonstrated by this case and when this court made clear and blare that that amendment had in fact made the firearm enhancements enforceable again, there was dispute in the lower courts as to whether or not the firearm enhancement should be applied. So there could have been a situation where a defendant was convicted of armed robbery, the state had charged the possession of a firearm, had asked for the enhancements, the trial court had declined to apply the enhancements and then sentenced the defendant to say 10 years, less than the minimum when the enhancement is in play. On appeal, had his conviction overturned because of some error that occurred at trial, it can't be that on retrial, once this court had made clear that the statutory minimum for armed robbery with a firearm is 21 years, that the court was forced to once again sentence the defendant to an unenforceable sentence below the statutory minimum. But the statute has pretty clear language. It's not just a conviction that's been set aside. A conviction or a sentence has been set aside on direct review or on collateral attack. I believe the or sentence language in the statute is referring to a situation where an enhancement has been applied that hasn't been proven by the state. Do we have any case – truly, one of my questions, and then my final question is, how does this all work with our people versus ARNA regime? Perhaps you could elaborate. Well, we've said certainly a number of times that a sentence that is outside a sentencing range or concurrent – the sentence was concurrent, it should have been consecutive. But that sentence was void, and therefore the case is remanded for another sentencing, and often the sentencing is more than what the person originally received. Well, I think that element of it, Your Honor, is what I was trying to get at when I was saying that application of that statute to unenforceable sentences, such as this one, where the statute is unenforceable, or, for example, where the sentence is outside of the statutory range, would be problematic. And that's why the statute doesn't apply to those cases. There's been, I know, much discussion about whether a proportion penalties clause problem like this renders a statute, and thus the sentence is void or simply unenforceable, but I don't think that this Court has ever indicated that it means to change its longstanding rule that an unenforceable sentence, where it's outside the statutory range or where the statute is unenforceable, cannot be challenged and doesn't need to be remanded for sentencing within the proper statutory range at any time. And that rule could not be maintained if this statute was applied to cases where a sentence was unenforceable. Mr. Fisher, much as we don't know what the judge would have sentenced this defendant to if there were no enhancements, I agree with your observation on that, but couldn't it equally be said that we do know that he had no intention of assessing a 30-year sentence because he had that opportunity even with the enhancements in play? So my question is, why wouldn't, although I know it's not directly on point, why wouldn't we employ the reasons noted in Pierce to limit under fundamental fairness of nothing else to 24 years? Your Honor, I think that because of some of the hypotheticals that arise, not hypothetical when they actually would come up in court, but I'm going to present one, which is why it's for the moment hypothetical. Because of the hypothetical I'm about to discuss, the court's rule, while it doesn't seem to make a difference necessarily in this case where the court had the opportunity to impose a sentence up to 30 years under its understanding of the law at the time and will still have an opportunity to impose the same range of sentences on remand for resentencing, that courts not be restricted in that way even when the sentence they gave happens to fall within the proper statutory sentencing range. For example, to go back to my hypothetical earlier about someone who was convicted of armed robbery with a firearm during the time period between the state's amendment to armed violence and this court's clarification in Blair that that corrected the Proportion Penalties Clause problem, a court might have given a defendant a sentence of 25 years while declining to apply the 15-year firearm enhancement. That still falls within the proper 21 to 45-year range. But if asked to reconsider the appropriate sentence while applying the correct statute with the firearm enhancement, the court could look at the same set of facts but applying the correct statute determined that it would be inappropriate to give defendants something close to the minimum sentence that the General Assembly has deemed appropriate for the crime that he was charged and convicted of. So giving courts discretion to apply the correct statute to the set of facts in a case is the appropriate approach to take. Again, I think to go back to the wording of the actual statute, I mean, I think it's worth noting that in this case and in cases like this where the statute that he was sentenced under is unenforceable, he's not being resentenced for the same statutory crime. He's being resentenced for under a different statute, one that existed prior to the enactment of the firearm enhancements in this case, but it couldn't in another situation be one in which the firearm enhancements had been revived by action by the General Assembly. And regardless of which direction the movement in the proper sentence goes, the proper remedy is to give a trial court the opportunity to use its discretion and apply its discretion to the facts of that case and the proper statute. And when it does that, it doesn't give rise to the same concern about vindictive resentencing that existed in Pierce. If you're applying the same statute to the same set of facts and you come to the conclusion that a longer sentence is warranted and the only thing that's changed between sentence A and sentence B is that the defendant successfully pursued his right to an appeal, that creates the risk and the concern over vindictiveness on resentencing that the court was addressing in Pierce and that the General Assembly addressed statutorily. That presumption that the reason that the sentence is different on resentencing doesn't exist if the statutory term of years to which the defendant is subject has changed. So I don't think that the concerns of Pierce or the statutory concerns raised by Petitioner are applicable to a situation like this one. This court has laid out fairly clearly, if not all in one case, such as exists in this situation here, the proper remedy in this case. In Hauschildt and in Clemens, the court made clear that where you have a fair proportion penalties clause problem such as this one, proper remedy is for resentencing subject to the statute as it existed prior to enactment of the firearm enhancements. And the fact that this was a negotiated plea agreement doesn't alter that remedy in any way. This court discussed extensively in Donaldson the considerations that are raised there. And just like in Donaldson, this is a case where application of the proper statute in the proper statutory range comports with the terms of the negotiated plea agreement sentencing cap of 30 years. And so we can give effect to the intent of both parties in this case, which was to sentence the defendant with a cap of 30 years by simply resentencing him pursuant to the proper statute, if the armed robbery statute has existed prior to enactment of the firearm enhancements. Unless the court has any additional questions, people ask that this court remand for reasons. And presumably if the range going back was over that negotiation number, they'd be allowed to have the right to vacate their guilty plea? I'm sorry, Your Honor. We're talking hypothetically. I'm saying say the new range was 6 to 45 and the deal was for 30. What happens then? I think that this court would remand for resentencing for 6 to 30 years because that would both give effect to the statutory range and the terms of the negotiated plea agreement, which created the 30-year cap, Your Honor. Thank you. Thank you, Your Honor. But no right to vacate the guilty plea? Correct, Your Honor. The guilty plea was knowingly entered into not only if they conceded that now, but the U.S. Supreme Court and the lower courts in this state have both held that even when a subsequent pronouncement of the court creates a lower sentencing range than the parties reasonably believed to be the case at the time of the guilty plea, as long as the defendant knew, was properly instructed as to the range he faced under the law at that time, it's a knowing and voluntary guilty plea. Thank you. Thank you. Your Honor, first I want to thank Mr. Fisher for pointing out in response to Justice Tice's question about the constitutional claim here that this does involve the violation of the Portion of Penalties Clause. My point earlier was that that wasn't something that itself was raised in the post-conviction petitions. That wasn't the constitutional claim that was at issue. But whether you want to – I think – You were way beyond what was originally pledged in your petitions. Right. In other words, none of this was raised in the trial court. Correct. It was first raised on – or under appeal, direct appeal, but it was first – something was first raised on the post-conviction act, and that was that the sentence was void, and now we are somewhere down the line. Void or unenforceable, I mean, whichever term you prefer. I would say that it was raised to some extent in the trial court at the original Gilded Glee hearing, and the defense counsel there thought that it didn't apply, although he thought the enhancement didn't apply because of accountability reasons. But anyway, I just wanted to make clear that there's no jurisdictional problem. The issues about the constitutionality of the statute were not raised until your post-conviction petition was filed. I believe that's correct. And the basis of that was the sentence was void. That issue was raised, and the PC was that. Yes. I want to point out that in terms of the question of the remedy, that whether the court's decisions in Houshild and Clemens in particular show that the property remedy is to always remand. I mentioned this, I believe I mentioned this in the reply brief. Both Houshild and Clemens are distinguishable from this case in two ways. First, those cases involved jury trials, not guilty plea agreements. And second, and possibly more important, both of those cases, unlike this, involved a conviction and sentence for multiple offenses in which you had, I think, mandatory consecutive sentencing provisions at work. And so Houshild in particular, I think the reason why both the appellate court and this court said that the case should go back for resentencing rather than simply making the sentence conform with what the statute should be, or the proper statute that applied, you had concerns about, well, you have an aggregate consecutive sentence here, and you need to give the trial judge an opportunity to rethink how he would mold all the consecutive sentences put together to come out with a sentence that the judge thought was correct under that circumstance. We don't have that here, and the reason we don't have that here is, as Justice Thomas mentioned, we know that the judge didn't go higher than 24. And so there's no reason to assume that the judge, there's no reason to assume that he wanted to go higher because he could have gone higher and he didn't. And also I think that... Well, how do you address Mr. Fisher's comeback to that question, namely that in his hypothetical, if it goes back under a prior statute, that looking at that prior statute by the sentencing judge may have dictated a higher number? Well, I don't think that makes sense in this context because the 24 sentence, 24 years here is within the range that, it's within the range of the cap. The cap was exactly what... He admits that in this context that might not be an issue, but what we do here may be used for the purpose. It's going to create precedent. And in a different situation, a different result may have been warranted. Well, I think also Mr. Fisher said that this is not a case in which you have to worry about vindictiveness. But it may not be vindictive in the same way that you're punishing somebody for successfully challenging a sentence. This might have been done in other situations, but it would be vindictive or would be punishing the defendant for making a successful argument that the statute that allowed for the enhancement was unenforceable at the time of the guilty plea. And that the judge gave a 24-year sentence under the assumption that the enhancement applied. And if you allow a sentence to go higher than that on remand, you're essentially saying, well, the judge was wrong about the enhancement not applying. Therefore, the 24 years goes out the window. And it seems to me you create a situation where the state is trying to have it both ways here, that the defendant is stuck with a guilty plea, but the state isn't stuck with a 24-year sentence that the judge thought was appropriate when he was operating under the assumption that the enhancement applied. And where the same 24-year sentence could be imposed even without the enhancement. So if you're going to make the defendant abide by the guilty plea, then I think the state has to accept the sentence that the judge imposed that conformed to everybody's understanding at the time of the guilty plea and at the time of the sentencing. And that would conform with the statute that has to be applied on remand. So for those reasons, I would just ask for the same relief that I asked for. Thank you. Case number 117267, People of the State of Illinois v. Johnny Taylor, will be taken under advisement as agenda number seven. Mr. Rogers and Mr. Fisher, thank you for your arguments today. You're excused at this time. Marshal, the court stands adjourned to reconvene on Tuesday, November 18th at 938.